**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MADELINE FERRERI, : | Bankr. Pet. No. 10-48901 (MBK) |
| Debtor. : | |
| : | |
| MADELINE FERRERI, : | CIVIL ACTION NO. 11-565 (MLC) |
| Appellant, : | **O P I N I O N** |
| v. : | |
| THE PROVIDENT BANK, et al., : | |
| Appellees. : | |

**THE COURT,** in response to a motion seeking injunctive relief and a stay ("Stay Motion"), ordered the parties to show cause why such relief should not be granted pending the disposition of an appeal brought in this Court from an order of the United States Bankruptcy Court. (Dkt. entry no. 3, Appellant's Mot.; dkt. entry no. 4, Order To Show Cause.) The Court has reviewed all papers filed in support of and in opposition to the Stay Motion and the Order To Show Cause. The Court will deny the Stay Motion.[1]

---

[1] The Court reviewed the appellant's initial filing (dkt. entry no. 3), the responses of the appellees (dkt. entry no. 8, Response of Wyndmoor at Woodbridge Condominium Association, Inc.; dkt. entry no. 9, Response of The Provident Bank), and the appellant's replies. (Dkt. entry nos. 10-13.) The Court has also reviewed the docket of the underlying bankruptcy matter. See In re Madeline Ferreri, Bankr. Pet. No. 10-48901 (MBK).

**BACKGROUND**

The appellant pro se filed a Notice Of Appeal from an order of the Bankruptcy Court, entered February 3, 2011 ("February 3 Order"), which, inter alia, denied the appellant's motion to have a deed remanded in this matter concerning state court orders of foreclosure and for a Sheriff's sale of property. (Dkt. entry no. 1, Notice Of Appeal.) The Bankruptcy Court thereafter denied the appellant's motion to stay the February 3 Order. See In re Madeline Ferreri, Bankr. Pet. No. 10-48901 (MBK), dkt. entry no. 52, First 2-4-11 Order; id., dkt. entry no. 53, Second 2-4-11 Order.

The appellant now seeks in this Court to stay the transfer of the deed, the sale of the property at issue, and all related foreclosure proceedings until the appeal is determined. (Appellant's Mot.) Although not cited by the appellant, it appears that such relief could be available under Federal Rule of Bankruptcy Procedure 8005. As noted in the Order To Show Cause, the appellant's papers were handwritten, stained, and presented in a disorganized manner.

**STANDARD FOR AWARD OF INJUNCTIVE RELIEF**

Injunctive relief is an extraordinary remedy to be granted only in limited circumstances. Novartis Consumer Health v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002). To obtain such relief, a movant must demonstrate

2

both a likelihood of success on the merits and the probability of irreparable harm absent the injunction.  <u>Frank's GMC Truck Ctr. v. Gen. Motors Corp.</u>, 847 F.2d 100, 102 (3d Cir. 1988).  The Court, in considering whether to issue a preliminary injunction, must consider whether (1) the movant has shown a reasonable probability of success on the merits, (2) the movant will be irreparably injured by denial of the relief, (3) granting the preliminary relief will result in even greater harm to the nonmovant, and (4) granting the preliminary relief is in the public interest.  <u>ACLU of N.J. v. Black Horse Pike Reg'l Bd. Of Educ.</u>, 84 F.3d 1471, 1477 n.2 (3d Cir. 1996).  If the movant fails to establish any one of the four aforementioned elements, then it is inappropriate for a preliminary injunction to be granted.  <u>NutraSweet Co. v. Vit-Mar Enters.</u>, 176 F.3d 151, 153 (3d Cir. 1999).

**APPELLANT HAS NOT SHOWN REASONABLE PROBABILITY OF SUCCESS ON MERITS**

**I.   <u>ROOKER</u>-<u>FELDMAN</u> DOCTRINE**

It appears at this juncture that the appellant is attempting to avoid orders issued by the state court.  The proper way to do so would be to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court.  See <u>D.C. Ct. of Apps. v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413, 414-16 (1923).  The <u>Rooker</u>-<u>Feldman</u> doctrine prohibits adjudication of an action

3

where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders.  See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the state court concerning the foreclosure and sale of the appellant's property.  See Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought redress from state court judgment); Ayres-Fountain v. E. Sav. Bank, 153 Fed.Appx. 91, 92 (3d Cir. 2005) (instructing district court to dismiss complaint concerning state foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal; noting order dismissed claims concerning foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same); see also In re Knapper, 407 F.3d 573, 580-85 (3d Cir. 2005).

    The appellant has not shown that there is a reasonable probability that the appeal will be found to be meritorious, in view of the Rooker-Feldman doctrine, once the appeal is properly briefed.

4

## II. YOUNGER ABSTENTION

It appears at this juncture that the civil actions concerning the foreclosure and sale of the appellant's property are ongoing. A federal court must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state-court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court.  See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  This Court could not interfere with the ongoing state court actions.  See Gray v. Pagano, 287 Fed.Appx. 155, 157-58 (3d Cir. 2008) (dismissing complaint filed in connection to ongoing state foreclosure action, inter alia, as barred by Younger abstention); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning ongoing state foreclosure action, inter alia, as barred by Younger abstention).

The appellant has not shown that there is a reasonable probability that the appeal will be found to be meritorious, in view of Younger abstention, once the appeal is properly briefed.

## III. RES JUDICATA AND COLLATERAL ESTOPPEL

It appears at this juncture that the appellant is attempting to relitigate or raise matters that were, or should have been, raised in the state court actions concerning the foreclosure and

5

the sale, thereby making it likely that her arguments will be barred by the doctrines of res judicata and collateral estoppel. Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995).  Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit".  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit".  Id.

All of the components of res judicata may be satisfied here, as (1) a state court has issued an order or judgment, which would be presumably valid, see Flood v. Braaten, 727 F.2d 303, 308 (3d Cir. 1984) (stating judgment that is final and thus res judicata in one state's courts will be given full faith and credit by all other United States courts), (2) the appellant is a party to the state proceedings concerning the foreclosure and the sale, and the appellees are parties, or in privity with those involved, and (3) the appellant's arguments arise from the same transactions or

6

occurrences as the arguments that were raised, or should have been raised, in the state court actions. See Moncrief, 275 Fed.Appx. at 153-54 (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by res judicata); Ezekoye v. Ocwen Fed. Bank FSB, 179 Fed.Appx. 111, 113 (3d Cir. 2006) (dismissing appeal as frivolous — in federal action concerning state foreclosure proceeding — from order dismissing claims that were and could have been raised against bank and its employees, who were not all parties to state proceeding, based on res judicata); Ayres-Fountain, 153 Fed.Appx. at 92 (noting federal claims concerning state foreclosure action would be barred by res judicata); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning state foreclosure action, inter alia, as barred by res judicata).

> Collateral estoppel, or issue preclusion:
>
> proscribes relitigation when the identical issue already has been fully litigated. [It] may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992). All of the components of collateral estoppel may be satisfied here, as (1) the issues related to the foreclosure were presumably adjudicated in state

court, (2) any order or judgment would be final and on the merits, (3) the appellant was a party in the state court actions, and (4) the appellant, despite what appears to be — at this juncture — unsubstantiated allegations of fraud, would have had a full and fair opportunity to litigate these issues. See Ezekoye, 179 Fed.Appx. at 113-14 (dismissing appeal as frivolous — in federal action concerning state foreclosure proceeding — from order dismissing claims against bank's counsel for allegedly securing unlawful judgment as barred by estoppel).

The appellant has not shown that there is a reasonable probability that her appeal will be found to be meritorious, in view of the doctrines of res judicata and collateral estoppel, once the appeal is properly briefed.

### IV. DEFERENCE TO RULINGS OF BANKRUPTCY COURT

A district court has appellate jurisdiction over a bankruptcy court's judgments, orders, and decrees. 28 U.S.C. § 158(a). A district court reviews a bankruptcy court's (a) legal determinations de novo, (b) factual findings for clear error, and (c) exercise of discretion for abuse thereof. In re Am. Classic Voyages Co., 405 F.3d 127, 130 (3d Cir. 2005); see Fed.R.Bankr.P. 8013 ("On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be

set aside unless clearly erroneous".)  This Court, on review of the papers currently filed, can discern no clear error or abuse of discretion by the Bankruptcy Court.  The Bankruptcy Court is more than familiar with the legal and factual issues here, as this appears to be the appellant's fourth attempt to avoid foreclosure and a sale of the property at issue by filing a bankruptcy petition.

The appellant again has not shown that there is a reasonable probability that her arguments will be found to be meritorious once the appeal is properly briefed.

**V.   ORDERS FROM STATE COURTS**

The Court notes that the New Jersey Appellate Division, on November 17, 2010, issued an order denying a motion by the appellant seeking the identical relief sought in the Stay Motion. (See dkt. entry no. 8, Kress Cert., Ex. 10, 11-17-10 Order.)  The New Jersey Supreme Court thereafter denied the appellant's motion for the same relief.  (Id., Ex. 11, 11-18-10 Order.)  The orders of the New Jersey Appellate Division and the New Jersey Supreme Court make it apparent that the Rooker-Feldman doctrine, Younger abstention, res judicata, and collateral estoppel are implicated in this matter.

**CONCLUSION**

The Court finds that the appellant is unlikely to succeed on the appeal in view of the papers filed in support of the Stay

9

Motion.  See Fed.R.Civ.P. 62(c), 65; see also Fed.R.Bankr.P. 8005.  The Court's inquiry thus ends here.  The Stay Motion will be denied.

## FURTHER ISSUES

The appellant, despite the Court's admonishment in the Order To Show Cause, filed hundreds of further papers that are either in handwritten form or disorganized.  (See dkt. entry nos. 10-13.)  The appellant, if electing to prosecute the appeal, is advised to (1) abide by the relevant Federal Rules of Civil Procedure and the Local Civil Rules, as well as their equivalents under the bankruptcy rules, and (2) present arguments in an organized manner, as the appellant's current arguments are nearly indiscernible.

Those further papers contain new requests for relief that (1) are rambling and indiscernible, (2) are not properly filed in support of an appeal from an order of the Bankruptcy Court, and (3) appear to be attempts to obfuscate the standard of review afforded on such an appeal.  Those requests will be denied as being frivolous.[2]

---

[2]  The Court notes that the new requests for relief by the appellant appear to contain requests on behalf of an individual listed as "Ted Petersen".  (Dkt. entry no. 11, Request; dkt. entry no. 13, Filing at 1.)  Ted Petersen is not a party to this appeal, and no papers or requests should be filed on behalf of Ted Petersen here.

The Court is hesitant at this juncture to sua sponte order the parties to show cause whether the entire appeal should be dismissed on jurisdictional grounds.  See In re Johnson, 196 Fed.Appx. 112, 114 (3d Cir. 2006) (stating district court erred in dismissing appeal from order issued by bankruptcy court in its entirety, rather than addressing part of appeal using the clearly-erroneous standard); see also In re Madera, 586 F.3d 228, 231-33 (3d Cir. 2009) (the underlying district court order affirmed an order of bankruptcy court — rather than dismiss the appeal from an order of bankruptcy court — based on Rooker-Feldman doctrine).  However, the parties should address whether any of the appellant's arguments are not barred by the Rooker-Feldman doctrine or Younger abstention.  Furthermore, the parties will be permitted — indeed, they are encouraged — to refer to the exhibits previously filed when filing their briefs on this appeal, assuming such exhibits can be easily referenced.  The Court will issue an appropriate order.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   February 15, 2011

11